IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | | |
|---|---|---|
| Frances Ann Self and Sandra G. Gantt, individually and on behalf of others similarly situated, | ) ) ) ) | C/A No. 1:06-1730-MBS |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| Norfolk Southern Corporation and Norfolk Southern Railway Company, | ) ) ) ) | |
| Defendants. | ) ) | |
| Ronnie Chavious, individually and on behalf of others similarly situated, | ) ) ) | C/A No. 1:06-2104-MBS |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| Benjamin Aiken, Mike Ford, James Thornton, Norfolk Southern Corporation, and Norfolk Southern Railroad Company, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**OPINION AND ORDER**

These actions are brought subsequent to a train derailment that occurred on January 6, 2005, on or near property of Avondale Mills in Graniteville, South Carolina. Two trains operated by employees of Defendants Norfolk Southern Corporation (NSC) and Norfolk Southern Railway Company (NSRC) collided after Defendants Aiken, Ford, and Thornton negligently failed to reset a switching device. The derailment resulted in the release of chlorine gas, which caused personal

injury and property damage to persons in Graniteville as well as property damage to the Avondale Mills facility.

Plaintiffs Frances Ann Self and Sandra G. Gantt filed a class action lawsuit in federal court on June 6, 2006. Plaintiffs allege that Avondale Mills notified them and other putative class members on May 22, 2006 that Avondale Mills would be permanently closing certain locations as of July 25, 2006. These Plaintiffs contend that, because of Defendants' conduct, they "have lost their employment, income, future income, retirement, future retirement, insurance benefits, future insurance benefits, as well as other benefits and economic advantages of employment." Class Action Complaint for Damages (Entry 1), ¶ 18. The Self Plaintiffs assert causes of action for negligence, gross negligence, and recklessness (first cause of action); negligent hiring, supervision, and retention (second cause of action); tortious interference with contract (third cause of action), and reckless, willful, and wanton conduct (fourth cause of action). Plaintiffs seek to recover economic losses for a class consisting of:

> All employees of Avondale Mills, Inc., as of May 22, 2006, at the Catherine, Cotton Warehouse, Eva Jane, Graniteville Plant Services, Gregg, Hickman, Horse Creek, Pell City, Sage Mill, Sutherland, Swint, Sylacauga Finishing, Sylacauga Shop, Tifton, Trucking, Walhala and Woodhead Plants and all sales, administrative, and corporate office staff.

Class Action Complaint for Damages (Entry 1), p. 2.

Plaintiff Ronnie Chavious, individually and on behalf of others similarly situated, filed an action in state court on June 16, 2006. NSC and NSRC removed the case to federal court pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1453(b) and 1332(d)(2), on July 24, 2006. Chavious alleges that he was an employee of Avondale Mills Graniteville Fabrics, Inc. on May 22, 2006, and that his job was or would be terminated on or after May 22, 2006. Plaintiff alleges that he and the

putative class members have sustained economic damages, including loss of jobs, income, future income, benefits, future benefits, retirement, future continued vesting of retirement, insurance coverages, and future insurance coverages. Class Action Complaint (Entry 1), ¶ 36. Chavious asserts causes of action for negligence (count one); negligent hiring, supervision, and retention (count two); strict liability (count three); res ipsa loquitur (count four); tortious interference with employment contract (count five); reckless, willful, and wanton conduct (count six); and attorneys' fees (count seven). Chavious seeks to represent a class consisting of:

> Employees of Avondale, Inc., Avondale Mills, Inc., and/or Avondale Mills of Graniteville, Inc. as of May 22, 2006, who worked at the Avondale Graniteville Plant located in Graniteville, South Carolina and whose jobs were or will be terminated on or after May 22, 2006 due to the Avondale Graniteville Plants [*sic*] closing.

Class Action Complaint (Entry 1), ¶ 1.

This matter is before the court on NSC and NSRC's motion to dismiss in the Self case filed July 18, 2006 (Entry 19). The Self Plaintiffs filed a memorandum in opposition on August 22, 2006, to which NSC and NSRC filed a reply on September 1, 2006. Also before the court is NSC and NSRC's motion to dismiss in the Chavious case (Entry 6), which motion was filed July 28, 2006. Defendants Aiken, Ford, and Thornton joined in the motion to dismiss on August 3, 2006 (Entry 7). Chavious filed a memorandum in opposition to Defendants Aiken, Ford, and Thornton's motion on August 21, 2006 and to NSC and NSRC's motion on August 23, 2006. NSC and NSRC filed a reply on August 31, 2006.

Also before the court in the Chavious case is a motion to hold case in abeyance, which motion was filed January 26, 2007 (Entry 32). Defendant Aiken filed a memorandum in opposition to the motion on February 2, 2007. NSC and NSRC filed a memorandum in opposition on February

6, 2007. A similar motion to hold case in abeyance was pending in the Self matter; however, in their reply to NSC and NSRC's memorandum in opposition to their motion, the Self Plaintiffs have withdrawn their motion to hold case in abeyance (see Entry 32).

The parties appeared before the court for a hearing on January 29 2007.[1] The court has reviewed the motions, memoranda, and applicable law. The court concludes that Chavious' motion to hold case in abeyance should be denied and Defendants' motions to dismiss should be granted.

I. DISCUSSION

A. Motion to Hold Case in Abeyance

Chavious contends that his case should be held in abeyance pending resolution of an appeal to the Court of Appeals for the Fourth Circuit of the court's recent dismissal of the complaint in Lanier v. Norfolk Southern Corp., C/A No. 1:05-3476-MBS. In Lanier, the plaintiff sought to represent a class of Avondale Mills employees who had been laid off, allegedly as a consequence of the derailment on January 6, 2005. Lanier sought indirect economic damages, as do Plaintiffs in the two cases currently before the court. Chavious notes that the legal issues before the court in his case are substantially identical to the legal issues pending in Lanier. Chavious further asserts that he intends to seek leave to file an amicus curiae brief with the Fourth Circuit. Motion to Hold Case in Abeyance (Entry 32), p. 2.

---

[1] The court denied Chavious's motion to remand (Entry 15) at the hearing, finding that the case properly was removed under the Class Action Fairness Act and that the case did not fall under an exception to the Act so that remand would be proper. The court also denied motions to certify novel questions of law to the South Carolina Supreme Court that was filed in both cases (Self, Entry 6; Chavious, Entry 17) pursuant to SCACR 228.

The court concludes that judicial economy and efficiency would be best served by denying Chavious' motion to hold case in abeyance. Accordingly, the motion to hold case in abeyance (Entry 32) in Chavious is **denied**.

B.    Motions to Dismiss

Defendants jointly move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) requires that the court accept the allegations in the complaint as true, and all reasonable factual inferences must be drawn in favor of the party opposing the motion. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Therefore, a motion to dismiss can be granted only if no relief could be obtained under the allegations of fact, if true. Southmark Prime Plus, L.P. v. Falzone, 776 F. Supp. 888, 891 (D. Del. 1991) (citing Turbe v. Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)). However, the court is not required to adopt conclusory allegations or statements of law. Id. at 891.

1.    Negligence - In order to establish a claim for negligence, a plaintiff must prove the following elements: (1) a duty of care owed by the defendant to the plaintiff, (2) a breach of that duty by negligent act or omission, and (3) damage proximately caused by the breach. Huggins v. Citibank, N.A., 585 S.E.2d 275, 276 (S.C. 2003) (citing Doe v. Batson, 548 S.E.2d 854 (2001)). An essential element in a cause of action for negligence is the existence of a legal duty of care owed by the defendant to the plaintiff. Id. In a negligence action, the court must determine, as a matter of law, whether the defendant owed a duty of care to the plaintiff. Id. (citing Faile v. South Carolina Dep't of Juvenile Justice, 566 S.E.2d 536, 545 (S.C. 2002)). The concept of duty in tort liability is not to be extended beyond reasonable limits. South Carolina State Ports Auth. v. Booz-Allen & Hamilton, Inc., 346 S.E.2d 324, 326 (S.C. 1986). If there is no duty, the defendant is entitled to judgment as

a matter of law. Id. at 277 (citing Simmons v. Tuomey Regional Med. Ctr., 533 S.E.2d 312, 316 (S.C. 2000)).

Plaintiffs in both Self and Chavious assert indirect damages from the trail derailment in the form of economic loss. Persons who suffer indirect economic loss from loss of employment as a result of injury to the enterprise where they work usually cannot recover for such economic loss. F. Patrick Hubbard & Robert L. Felix, The South Carolina Law of Torts 49 (3d ed. 2004). This is based on the general rule that "a tort to the person or property of one man does not make the tortfeasor liable to another merely because the injured person was under a contract with that other unknown to the doer of the wrong. . . . The law does not spread its protection so far." Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303, 309 (1927). To hold otherwise would be to open the courts to a limitless recovery of economic injury. See Aikens v. Debow, 541 S.E.2d 576 (W. Va. 2000) (finding no duty by truck driver and employer to operator of motel and restaurant who sought damages for loss of income allegedly resulting from bridge closure caused by accident involving truck).

The within actions are analogous to Aikens v. Baltimore & Ohio Railroad Co., 501 A.2d 277 (Pa. 1985). In that case, employees of the Motor Coils Manufacturing Company, Inc. brought an action for lost wages, alleging that the railroad's negligence caused a train derailment that damaged the Motor Coils plant and caused production at the plant to be curtailed. The Pennsylvania Supreme Court, relying on Robins Dry Dock, noted that, as a general rule, negligent harm to economic advantage alone is too remote for recovery under a negligence theory. Aikens, 501 A.2d at 279. The Aikens court observed that employees' right to wages existed by virtue of their relationship with the plant and not the railroad; therefore, the loss of wages was not a probable consequence of the

6

railroad's negligence and the damages claimed were too remote. Id. (citing Willis v. Georgia Northern Railway Co., 314 S.E.2d 919 (Ga. 1984)). Significantly, the Aikens court recognized that allowing "a cause of action for negligent cause of purely economic loss would be to open the door to every person in the economic chain of the negligent person or business to bring a cause of action. Such an outstanding burden is clearly inappropriate and a danger to our economic system." Id. See also Willis v. Georgia Northern Railway Co., 314 S.E.2d 919 (Ga. 1984) (negligence of railroad resulted in direct injury only to Swift Independent Packing Company; lost wages sought by employees after collision shut down the plant too remote in nature for recovery).

As in Lanier, the policy reasons limiting tort liability for indirect economic loss compels the conclusion that Defendants owed no duty to the Self or Chavious Plaintiffs or the putative class members that would warrant recovery for wages lost as the result of layoffs and terminations at the Avondale Mills facilities. These Plaintiffs therefore fail to state a claim upon which relief can be granted. Defendants' motions to dismiss the negligence causes of action are **granted**.

2.     Tortious interference with contractual relations - The elements for intentional interference with contract are: (1) the contract; (2) the wrongdoer's knowledge thereof; (3) his intentional procurement of its breach; (4) the absence of justification; and (5) damages resulting therefrom. DeBerry v McCain, 274 S.E.2d 293, 296 (S.C. 1981). The tort of intentional interference with prospective contractual relations includes the following elements: (1) the defendant intentionally interfered with the plaintiff's potential contractual relations; (2) for an improper purpose or by improper methods; (3) causing injury to the plaintiff. Brown v. Stewart, 557 S.E.2d 676, 688 (S.C. 2001) (citing Crandall Corp. v. Navistar Int'l Transp. Corp., 395 S.E.2d 179, 180 (S.C. 1990) An employment relationship can satisfy the requirement of a contract. See Todd v. South Carolina

7

Farm Bur. Mut. Ins. Co, 336 S.E.2d 472, 473 (S.C. 1985) (insurance agent hired under terminable at will contracts).

Assuming the existence of a contract for purposes of Defendants' motions to dismiss, the court nevertheless finds these causes of action must fail. In reviewing the sufficiency of a complaint, the court need not accept the legal conclusions drawn from the facts or accept as true unwarranted inferences, unreasonable conclusions, or arguments. See Brown v. Flowers, 196 Fed. App'x 178, **1 (4th Cir. 2006) (citing Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir.2000)). In these cases, the court does find supportable any allegation by the Self or Chavious Plaintiffs that Defendants intentionally or recklessly procured the termination of Plaintiffs' employment relationships with Avondale Mills.[2]

To the extent the Self and Chavious Plaintiffs allege that Defendants' negligence in bringing about the train derailment interfered with their employment relationship with Avondale Mills, South Carolina has declined to recognize a cause of action for the recovery of pure pecuniary harm resulting from a tortfeasor's negligent interference with a plaintiff's contractual relationships. See, e.g., Edens & Avant Investment Properties, Inc. v. Amerada Hess Corp., 456 S.E.2d 406, 407 (S.C. 1995). Defendants' motions to dismiss Plaintiffs' claims for tortious interference with contractual relations are **granted**.

3    Strict Liability - Chavious asserts a strict liability cause of action. The court previously has determined that strict liability causes of action regarding transportation of hazardous materials are preempted by the Hazardous Materials Transportation Act and Federal Railroad Safety

---

[2] The court also is not persuaded that the termination of the putative class employees constituted a breach of their at-will employment relationships.

Act. See, e.g., Avondale Mills, Inc. v. Norfolk Southern Corp., C/A No. 1:05-2817-MBS (motion for partial summary judgment granted as to negligence and strict liability causes of action relating to transportation of chlorine). Defendants' motions to dismiss in the Chavious case are **granted** as to this issue.

    4.    Res Ipsa Loquitur - Chavious asserts a cause of action under the doctrine of res ipsa loquitur. Chavious acknowledges that this doctrine is not recognized in South Carolina. Response to Motion to Dismiss (Entry 16), p. 7; see O'Leary-Payne v. R.R. Hilton Head, II, Inc., 638 S.E.2d 96, 100 (S.C. Ct. App. 2006) (addressing claim that the trial court erred in failing to grant a directed verdict for the defendant on the grounds that the plaintiff relied on res ipsa loquitur to provide negligence). Defendants' motions to dismiss in the Chavious case are **granted** as to this issue.

    5.    Attorneys' Fees - Chavious concedes that the complaint fails to adequately state a separate claim for attorney's fees, although he contends that counsel are entitled to attorney's fees from a common fund created for the class, should the case be certified as a class action. Response to Motion to Dismiss (Entry 16), p. 3. Defendants' motions to dismiss in the Chavious case are **granted** as to this issue.

## II. CONCLUSION

For the reasons stated, Chavious' motion to hold case in abeyance (Entry 32) is **denied**. NSC and NSRC's motion to dismiss is granted in the Chavious case (Entry 6); Defendants' Aiken, Ford, and Thornton's motion to dismiss is granted in the Chavious case (Entry 7); and NSC and NSRC's

motion to dismiss is granted in the <u>Self</u> case (Entry 19); accordingly, the within actions are dismissed pursuant to Rule 12(b)(6).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

February 14, 2007.